**In re the Matter of STATE of Delaware, Plaintiff**

v.

**Susan MELLON,[1] Defendant.**

**No. 0509010501.**

Family Court of Delaware,
Sussex County.

Submitted: June 16, 2005.
Decided: July 12, 2006.

---

<hr>

1.  Psuedonyms have been used to protect the identity of the litigants.

Marilyn Martin, Department of Justice, Georgetown, DE, for Plaintiff.

Dean Johnson, Office of the Public Defender, Georgetown, DE, for Defendant.

## OPINION

Judge, HENRIKSEN:

The juvenile has filed a Motion by which she seeks to be relieved from being designated as a sex offender. The juvenile filed her Motion following her entry of a plea of guilty to a sex-related charge but prior to her sentencing. Although the state initially indicated on the Plea Agreement that the State would not oppose the juvenile's application to not be designated as a sex offender, the State now opposes the juvenile's Motion.

Both counsel for the juvenile and the State filed memoranda in support of their respective positions on this matter. This is the Court's Decision.

*Facts*

On February 24, 2006, 16 year old Susan Mellon, a juvenile born July 29, 1989, entered a plea of guilty to the charge of Unlawful Sexual Contact in the Third Degree, a misdemeanor. Pursuant to the Plea Agreement entered into with the State, the State indicated it would *nolle prosequi* all remaining charges. The victim was eleven years of age at time the incident took place.

It is extremely important to note that the handwritten plea agreement tendered to the Court, signed by the juvenile, her public defender attorney, the juvenile's mother, and Deputy Attorney General, specifically stated that the *"State will not oppose a motion that defendant not be a registered sex offender."* Although the Plea Agreement form had available boxes to check if sex offender registration was required, explained, or not applicable, all of the boxes on the form were left blank.

The sentencing was deferred for a CAS evaluation until May 17, 2006.[2] At sentencing, the juvenile was committed to the Division of Youth Rehabilitative Services at Level 5 for an indefinite period of time, with the commitment suspended and the juvenile placed on probation at Level 2 for a period of one year. The juvenile was also to maintain good behavior, have no contact with the victim, and continue with counseling as long as the counselor deemed it appropriate.

On May 6, 2006, prior to sentencing, counsel for the juvenile filed a Motion for Relief From Sexual Offender Designation. Although in the Plea Agreement dated February 24, 2006 the State indicated it

---

**2.** The CAS evaluation reported that Susan was a low risk for future sexual or criminal offending. Susan had no previous juvenile history. The CAS described Susan as a shy, socially awkward teenage girl with low self-esteem and problems with maturity. Susan was in counseling and it was reported that she was effectively utilizing this treatment method.

would not oppose a Motion that defendant not be a registered sex offender, the State has opposed the present Motion by indicating, pursuant to the State's interpretation of 11 Del.Code, § 4121(e)(6)a[3], that the juvenile is not entitled to relief from being designated a sex offender because the victim was eleven years old.

## Law and Reasoning

Delaware's law requiring the registration of sexual offenders is set forth in 11 Del.Code, § 4120. Section 4120, along with its companion statute, 11 Del.Code, § 4121, sets forth the parameters for identifying a defendant as a sex offender for registration and notification purposes for the public's safety. The offenses for which a conviction may lead to an offender being required to both register as a sex offender and be subject to community notification are specifically set forth in 11 Del.Code, § 4121(a)(4). Here, the statute lays out specific Delaware statutes of both misdemeanor and felony level sex-related offenses ranging from Indecent Exposure to Unlawful Sexual Contact, Rape, Sexual Extortion, Bestiality, Continuous Sexual Abuse of a Child, Female Genital Mutilation, Sexual Exploitation of Children, Child Pornography, Child Solicitation, and certain violations of privacy. Kidnapping for the Purpose of Abusing a Victim Sexually is also included.[4] The Delaware statute also includes persons convicted of offenses in laws of other states which are the same as or equivalent to the offenses proscribed

by our Delaware statutes.[5] Juveniles who are adjudicated delinquent of any of the proscribed offenses can also be determined to be a sex offender and subject to the requirements of registration and notification.[6]

The juvenile in the present action pled guilty to a charge which is included in § 4121(a)(4), having pled guilty to Unlawful Sexual Contact in the Third Degree, a misdemeanor prohibited by 11 Del.Code, § 767.

The word "conviction" is defined in the general definitions of the criminal section of the Delaware Code at 11 Del.Code, § 222(3). There, it is stated that the term "conviction", *"Means a verdict of guilty by the trier of fact, whether judge or jury, or a plea of guilty or a plea of nolle contendre accepted by the Court."* Within Delaware's statutes for the registration and notification of sex offenders, it is stated that the words "conviction" and "convicted", *"Shall include, in addition to their ordinary meanings, adjudications of delinquency and persons found guilty but mentally ill or not guilty by reason of insanity, as provided in Section 401 of this title."*[7]

The Court has already noted how various subsections of 11 Del.Code, § 4121(a)(4) identifies the various specific criminal statutes the violation of which can lead to a sex offender designation. The first four subsections, a. through d., where-

---

**3.** 11 Del.Code, § 4121(e)(6)a reads as follows:

(6) Notwithstanding any provision in this section or in § 4120 of this title to the contrary, any person who would otherwise be designated as a sex offender pursuant to this section and to § 4120 of this title may petition the sentencing court for relief from such designation, and from all obligations imposed by this section and § 4120 of this title if:

a. The offense for which the person was convicted was a misdemeanor and the victim was not a child under 12 years of age;

**4.** 11 Del.Code, § 4121(a)(4)d.

**5.** 11 Del.Code, § 4121(a)(4)c.

**6.** 11 Del.Code, § 4121(a)(4)b, as well as 11 Del.Code, § 4121(a)(2).

**7.** 11 Del.Code, § 4121(a)(2).

in the statute sets out the various offenses, or notes similar offenses in other states, repeatedly uses the word "convicted" or, in the case of a juvenile, uses the wording "adjudicated delinquent". Subsections f. and g. of § 4121(a)(4) also make reference to convictions obtained prior to June 27, 1994 continued with present violations of parole or probation, as well as present convictions of Indecent Exposure where the person had been previously convicted of the same offense within 5 years of the date of the present conviction.

In reviewing all of the subsections of 11 Del.Code, § 4121(a)(4), the Court now turns its attention to Subsection e., which has particular significance in the present case.[8] Of all of the sections contained in Subsection 4121(a)(4), which has as its overall purpose defining people as sex offenders, this particular subsection e. differs from all of the other sections in its emphasis that the defendant is not simply convicted, but instead is charged and thereafter pleads guilty. Upon observing this distinction, and also observing the distinctions that follow in additional subsections of § 4121, it becomes clear that there is a distinction between, and possible advantage to, the offender who enters a plea of guilty to a sex-related misdemeanor or felony charge as opposed to an offender who is found guilty of the charge following a trial.

Although the first four subsections a. through d. of § 4121(a)(4) define a person as a sex offender by the mere conviction or adjudication of delinquency, pursuant to subsection e., the person who is charged and thereafter pleads guilty is not automatically assigned the status of a sex offender. Instead, subsection 4121(a)(4)e. requires the person who pleads guilty to *"Thereafter [be] designated as a sex offender by the sentencing Judge...."* [9]

When reviewing 11 Del.Code § 4121(b), the distinction between someone who is found guilty compared to one who pleads guilty becomes even more apparent. There, where a person is convicted or adjudicated of a sex-related charge, the statute states in mandatory language that, *"The sentencing court shall inform the person that he or she shall be designated as a sex offender and that a risk assessment tier will be assigned to him or her by the court."* (Emphasis added). But where the offender has entered a plea, the subparagraph (a)(4)e. scenario, a triggering event by the Attorney General's office is required before the Court is required to inform the defendant of a designated time after sentencing where a hearing will be

---

**8.** 11 Del.Code, § 4121(a)(4)e, reads as follows: "Sex offender" means any person who is, or has been: e. *Charged* by complaint, petition, information or indictment with any of the offenses set forth in subparagraphs a., b., c. or d. of this paragraph and *who thereafter pleads guilty* to any offense included in the originally charged offense, as provided in § 206 of this title, *if the person is thereafter designated as a sex offender by the sentencing judge* pursuant of subsection (e) of this section, such guilty plea occurring after September 1, 1998. (Emphasis added).

**9.** The more complete wording of the above-quoted language is "Thereafter [be] designated as a sex offender by the sentencing Judge pursuant to such subsection (e) of this section ..." The Court finds this language to be somewhat confusing in that subsection (e) of 11 Del.Code, § 4121 gives guidance as to the risk assessment tier that should be assigned to a sex offender, and the ability to petition for relief from such a designation, but does not set forth the format of establishing the hearing, or the need for the hearing, to designate one as a sex offender. Although the wording of the statute may make perfect sense to some, this Court believes that it is more appropriate to view 11 Del.Code, § 4121(b)(c)(d) which set the procedure to be followed in designating an individual as a sex offender, or setting a hearing to do so.

held to determine "whether" that person will be designated as a sex offender, and at what tier level. That triggering event is that the State must give Notice of its intent to seek to have the person designated as a sex offender.[10]

The distinction continues in the post-sentencing phases, the procedures for which are set forth in subsections (c) and (d) of 11 Del.Code, § 4121. In subsection (c) for the non-plea situation, the State is not required to do anything following sentencing to ask the Court to set a hearing to designate the offender as a sex offender and assign the offender a risk assessment tier. However, in subsection (d) of 11 Del.Code, § 4121, which applies to the post-sentencing phase following a plea of guilty to a sex-related offense, the sentencing Court needs a Motion from the State to set and conduct a hearing to determine whether the person will be designated as a sex offender. Subsection (d) of § 4121 relieves the State of its responsibility to file such a Motion so long as the written Plea Agreement clearly informs the defendant of the State's intention to request that the Court designate the defendant as a sex offender.

Subsection (d) of § 4121 also gives the Court discretion in making a determination of whether the person who pleads guilty should be designated as a sex offender. Pursuant to subsection (d), the Court weighs all relevant evidence concerning the circumstances of the offense, as well as the character and propensities

of the offender. The defendant is designated as a sex offender *"If [the court] determines by a preponderance of the evidence that the public safety will be enhanced by such designation."* [11]

In the present case, the defendant, a juvenile, pled guilty to the misdemeanor level offense of Unlawful Sexual Contact in the Third Degree. The State never filed a Motion or Notice requesting that the Court conduct a hearing to determine whether the juvenile should be designated as a sex offender. Furthermore, the plea agreement did not clearly inform the juvenile of the State's intention to request that the Court designate the juvenile as a sex offender. Quite to the contrary, the written Plea Agreement, in which in the State participated, clearly informed the juvenile that the State would not oppose a Motion that the defendant not be registered as a sex offender. The State never took the threshold action of filing a Motion or Notice or by giving a clear indication in its Plea Agreement that would have triggered the Court to conduct a hearing to determine whether the juvenile should be designated as a sex offender.

The State now argues that Subsection (6)(a) of § 4121 e., despite the State's professed prior willingness to not oppose non-sex offender status for this juvenile, prohibits this juvenile from seeking non-sex offender status because the victim was under 12 years of age. Subsection (6)a. of § 4121 e. of 11 Del.Code reads as follows:

---

**10.** 11 Del.Code, § 4121(b) reads as follows: Upon a person's conviction or adjudication of delinquency for any offense set forth in subparagraphs (a)(4)a., d. or g. of this section, the sentencing court shall inform the person that he or she shall be designated as a sex offender and that a Risk Assessment Tier will be assigned to him or her by the court. Upon a person's conviction or adjudication of delinquency for any offense set forth in subparagraph (a)(4)e. or f. of this section, *upon notice*

*by the State of its intent to seek to have the person designated as a sex offender,* the court shall inform the person that, at a designated time after sentencing, a hearing will be held to determine whether he or she shall be designated as a sex offender by the court, and that if the person is so designated, a Risk Assessment Tier will be assigned to him or her by the sentencing Court. (Emphasis added).

**11.** 11 Del.Code, § 4121(d).

(6) Notwithstanding any provision in [§ 4121] or in § 4120 of this title to the contrary, any person who would otherwise be designated as a sex offender pursuant to this section and to § 4120 of this title may petition the sentencing court for *relief from such designation*, and from all obligations imposed by this section and § 4120 of this title if:

a. The offense for which the person was convicted was a misdemeanor and the victim was not a child under 12 years of age. (Emphasis added).

All agree that the plea was to a misdemeanor and that the victim was a child under 12 years of age. The critical wording of the statutory language relied upon by the State in subsection (e)(6) is that, *"Any person who would otherwise be designated as a sex offender pursuant to this section"* may petition the sentencing court *"for relief from such designation."* In this case, there is no need for the defendant to petition the Court for *"relief from such designation"* as a sex offender because the State of Delaware has not taken the necessary steps by Motion, Notice or a clear statement in the Plea Agreement which would have triggered the sentencing Court to hold a hearing which might have led to the designation of the juvenile as a sex offender. Thus, the juvenile has never been designated as a sex offender.

On a related point, the Court notes that 11 Del.Code, § 4121(p) allows the State and the offender to waive a hearing or judicial determination to establish one as a sex offender. This statute does not appear to distinguish between a conviction after trial as compared to a plea of guilty. Although the written language of the Plea Agreement entered into by the State did not specifically say that the State would waive a determination, it did suggest that the State was inclined to do so where it stated it would not oppose the defendant from filing a Motion so she would not be designated as a sex offender.

Although the Court finds no deceptive intent on the part of the office of the Attorney General, the Court also believes that it would be blatantly unfair for the State to negotiate a Plea Agreement which included an understanding that the State would not oppose a request to be relieved from the designation as a sex offender, only to have the State subsequently oppose such a request because of a later-discovered technicality in the statute, especially where the CAS evaluation found the child to be at low risk for future sexual or criminal offending.

## CONCLUSION

Because the juvenile entered a plea of guilty, and because the State did not file a timely Notice or Motion of its intent to seek to have the defendant designated as a sex offender, nor did the State clearly inform the defendant in the written Plea Agreement of its intention to seek a sex offender designation, the Court has not held a hearing, and the Court is not now required to hold a hearing where it might make a determination that the juvenile would be designated as a sex offender. As such, the juvenile has not been designated as a sex offender, pursuant to 11 Del.Code, § 4121(a)(4), and she is not required to register or provide notification as a sex offender.

IT IS SO ORDERED this 12th day of July, 2006.